IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAWN WISZ,                              :

    Plaintiff,                         :

v.                                      :     Civil Action No. GLR-12-2957

WELLS FARGO, et al.,                    :

    Defendants.                        :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Motions for Summary Judgment, (ECF No. 48), and Plaintiff's Motion for Summary Judgment, (ECF No. 52). Pro Se Plaintiff Dawn Wisz brings this action against her former employer, Wells Fargo, and her first-line supervisor Renee Bender (collectively "Wells Fargo"), alleging failure to accommodate, retaliation, wrongful discharge, and hostile work environment under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (2012) and Rehabilitation Act, 29 U.S.C. § 794(a) (2012), and interference under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2) (2012).

The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons set forth below, Wisz's Motion for Summary Judgment will be denied and Wells Fargo's Motion for Summary Judgment will be granted.

I.  BACKGROUND[1]

Prior to commencing her employment at Wells Fargo, Wisz suffered a serious injury to her back and neck in a car accident that occurred in December 2008. As a result, Wisz suffered from periodic migraine headaches of varying degrees in frequency, intensity, and duration. She also suffered from a number of additional ailments. Wisz began employment with Wells Fargo on September 8, 2009, and held the position of Collector II. She was later transferred to the loss mitigation group where she held the position of Loan Support Specialist.

Wisz held the position of Loan Support Specialist at the time of her termination and during the relevant time period. The Loan Support Specialist role is a customer service position in which Wisz was responsible for answering customer calls. Because the position requires daily contact with customers, strong customer service skills and proper handling of customer calls are essential functions of the position.

In April 2010, Wisz received a performance review for the period comprising of her first four months of employment in 2009. The performance review resulted in an overall year-end rating of one on a scale of five. Subsequent to receiving her poor performance review, Wisz mishandled two telephone calls on October 22, 2010. Both of these calls were reviewed by an independent

---

[1] Unless otherwise noted, the following facts are taken from the parties' briefings on the instant motions, and are viewed in the light most favorable to the nonmoving party.

quality assurance individual unfamiliar with Wisz.  On a quality assurance scale from zero to one-hundred percent, Wisz received a score for both calls below sixty percent.  As a result, Wisz received a written warning concerning her mishandling of the calls. On March 10, 2011, Wisz mishandled another call, during which she engaged in the same poor customer service that was addressed in the written warning.  The March 10, 2011 call was reviewed by a different independent quality assurance individual, also unfamiliar with Wisz.  On a quality assurance scale from zero to one-hundred percent, Wisz received a score of forty-one percent.

Wisz was terminated on April 1, 2011.  Wells Fargo contends Wisz was terminated as a result of her poor customer service performance.  Wisz, however, alleges she was wrongfully discharged in retaliation for protected activity and as a result of disability discrimination.  Although Wisz concedes that the calls for which she was disciplined included some minor infractions, she contends that the infractions did not warrant termination but that she was being subjected to unwelcome harassment by Bender due to her disability.

Additionally, during her employment at Wells Fargo, Wisz exercised her right to take FMLA leave on several occasions.  Wisz does not dispute that she was provided FMLA leave, exhausted her allowable leave, and received no discipline for FMLA-related absences.  Wisz alleges, however, that Wells Fargo interfered with her FMLA leave because it improperly calculated the date of

expiration for her leave and failed to pay her for her FMLA absences. Wisz further alleges Wells Fargo refused to engage in an interactive process to determine suitable accommodations as required by the ADA and that she was refused requested accommodations.

Both parties now seek summary judgment in their favor on all counts. The Motions are ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (quoting Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir.1984).

**B. Analysis**

When analyzing claims under the ADA[2], courts apply the proof scheme articulated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-86 (4th Cir. 2004) (employing the McDonnell Douglas framework to analyze a discrimination claim based principally on circumstantial evidence). Under the McDonnell Douglas standard, Wisz must first establish a prima facie case of discrimination. Id. at 285. If she meets this burden, Wells Fargo can rebut the presumption of discrimination raised by Wisz's prima facie case by establishing a legitimate, nondiscriminatory reason for her termination. Id. If Wells Fargo succeeds in doing so, Wisz must then "prove by a preponderance of the evidence that the legitimate reasons offered by [Wells Fargo] were not its true reasons, but were a pretext for discrimination." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Wisz "bears the ultimate burden of proving that [Wells Fargo] intentionally discriminated against her." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996) (citing Burdine, 450 U.S. at 253).

---

[2] "[W]hether suit is filed . . . under the Rehabilitation Act or . . . under the ADA, the substantive standards for determining liability are the same." Myers v. Hose, 50 F.3d 278, 281 (4th Cir. 1995).

**1. Wrongful discharge under the ADA and Rehabilitation Act**

Wisz has failed to establish a prima facie case for disability discrimination. To do so, she must show that: (1) "she was a qualified individual with a disability; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination." Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n.9 (4th Cir. 2004) (quoting Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir. 2001)) (internal quotation marks omitted). Wisz has failed to demonstrate that she was meeting Wells Fargo's legitimate expectations under the third prong, or that there was a nexus between her disability and her termination under the forth prong.

Wisz was terminated as a result of her mishandling three customer calls. The Loan Support Specialist is responsible for answering customer calls. As a result, good customer service and proper handling of customer calls are essential elements of the Loan Support Specialist position. Subsequent to her poor 2009 performance evaluation, (see Defs.' Mot. Summ. J. Ex. B, Attach. 11, ECF No. 48-3), Wisz mishandled two customer service calls on October 22, 2010, for which she received a written warning, (see Defs.' Mot. Summ. J. Ex. B, Attach. 12).

Specifically, Wisz spoke with the customers in an unprofessional and discourteous manner, including using a poor tone, discussing personal issues, interrupting, and placing a

7

customer on hold without warning and while he was speaking. (See Defs.' Mot. Summ. J. Ex. D, Attach. 1, ECF No. 48-5); (see also Defs.' Mot. Summ. J. Ex. C, Attach. 1, ECF No. 48-4) (customer email complaining about the mishandling of his customer service call). Despite the written warning, on March 10, 2011, Wisz mishandled a third call in which she engaged in the same poor customer service skills that were exhibited during the October 2010 calls. (See Defs.' Mot. Summ. J. Ex. C, Attach. 2, ECF No. 48-4). Thus, Wisz cannot establish that she was fulfilling Wells Fargo's legitimate expectations at the time of her discharge. Further, Wisz cannot establish the fourth prong of her prima face case because she has presented no evidence of a causal nexus between her alleged disability and Wells Fargo's decision to terminate her employment.

Even assuming arguendo that Wisz can establish a prima facie case of discriminatory termination, Wells Fargo articulated a legitimate, nondiscriminatory reason for her termination – mishandling of the customer calls – and Wisz has failed to carry her burden of demonstrating that the legitimate reasons offered were a pretext for discrimination.

"[Wells Fargo] is not required to persuade [the Court] that the proffered reason [for Wisz's termination] was the actual motivation for [its] decision. [It] must merely articulate a justification that is legally sufficient to justify a judgment in its favor." Mereish v. Walker, 359 F.3d 330, 335 (4th Cir. 2004)

(citation omitted) (quoting Burdine, 450 U.S. at 254-55) (internal quotation marks omitted). Moreover, "when an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not [the Court's] province to decide whether the reason was wise, fair, or even correct . . . ." DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998) (quoting Giannopoulos v. Brach & Brock Confections, Inc., 109 F.3d 406, 410-11 (7th Cir. 1997)). The Court concludes that Wells Fargo's stated reason for its termination of Wisz – the mishandling of customer calls - constitutes a legitimate, nondiscriminatory reason for her termination. Thus, the burden shifts to Wisz to offer evidence that the articulated reason for her termination was pretextual.

Wisz does not dispute the content or mishandling of the three calls for which she was terminated, only that her infractions did not warrant termination. It is not in the Court's purview, however, to question an employer's perception of an employee's performance. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996); see also E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 946 (4th Cir. 1992) (explaining that it is not the "function of this [C]ourt to second guess the wisdom of business decisions."). Further, all of the calls for which Wisz was disciplined were reviewed by independent quality assurance personnel who were not aware of or involved in any issues related to Wisz's disability, or accommodation and FMLA leave requests.

9

Wisz has offered no evidence that would demonstrate that the stated reasons for her termination should be disbelieved or that the true reason for her termination was discriminatory. Accordingly, Wells Fargo is entitled to summary judgment in its favor as to Wisz's disability discrimination claims.

### 2. Hostile Work Environment under the ADA and Rehabilitation Act

Wisz has failed to establish a prima facie case for a hostile work environment claim. To do so, she must show that:

> (1) [she] is a qualified individual with a disability; (2) [she] was subjected to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.

Fox v. Gen. Motors Corp., 247 F.3d 169, 177 (4th Cir. 2001). Wisz has failed to establish that she is a qualified individual under the first prong, or that she suffered severe or pervasive harassment under the forth prong.

First, a qualified individual with a disability is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2012). To resolve whether a person is a qualified individual, a court must consider whether that person is able to perform the essential functions of the job in question, and if not, whether the person could do the job with reasonable accommodation. Tyndall v. Nat'l

Educ. Ctrs., Inc. of Cal., 31 F.3d 209, 213 (4th Cir. 1994) (citing Chandler v. City of Dallas, 2 F.3d 1385, 1393–94 (5th Cir. 1993)). For the reasons discussed above, the Court concludes that Wisz is unable to perform the essential functions required of a Loan Support Specialist at Wells Fargo. Further, Wisz has failed to identify any accommodation that would have allowed her to perform the essential functions. Thus, Wisz cannot establish the first prong of her prima facie case.

Next, to establish the fourth prong of a hostile environment claim, Wisz must demonstrate that the harassment she experienced was both subjectively and objectively hostile. Fox, 247 F.3d at 178. "Factors to be considered with respect to the objective component include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. (quoting Walton v. Mental Health Ass'n. of Se. Pa., 168 F.3d 661, 667 (3d Cir. 1999)). Wisz testified that she felt she was being harassed by Bender because "she would make smart remarks all the time" and "then [she was] constantly turning around and . . . writing me up for anything . . . ." (Wisz Dep. 53:10-14, April 1, 2013, ECF No. 48-3). Wisz has failed to put forth sufficient evidence from which a reasonable person could conclude that the alleged harassment was sufficiently frequent, severe, physically harmful, or interfered with her ability to perform her job. Thus, Wisz cannot establish the fourth

prong of her prima facie case. Accordingly, Wells Fargo is entitled to summary judgment in its favor as to Wisz's hostile work environment claim.

### 3. Failure to Accommodate under the ADA and Rehabilitation Act

Wisz has failed to establish a prima facie case for failure to accommodate. To do so, she must show that: (1) "'[s]he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position . . .; and (4) that the [employer] refused to make such accommodations.'" Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (quoting Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 387 n.11 (4th Cir. 2001) (alteration in the original). Wisz has failed to establish that she could perform the essential functions of her position with or without a reasonable accommodation under the first and third prong, or that she requested an accommodation that was not provided or in the process of being provided at the time of her termination under the fourth prong.

First, for the reasons discussed above, the Court concludes that Wisz is unable to perform the essential functions required of a Loan Support Specialist at Wells Fargo. Further, Wisz has failed to identify any accommodation that would have allowed her to perform the essential functions. Thus, Wisz cannot establish the first or third prong of her prima facie case.

Second, although not identified in her pleadings, Wisz's deposition testimony identifies a number of requested accommodations including the ability to move around, additional break time, additional time off, a new chair, and an ergonomic work station. (Wisz Dep. 68:18-71:10). While Wisz disputes the accessibility of her placement to the bathroom, she admits that Wells Fargo moved her work station so that she was closer to the bathroom, gave her additional break time, and granted her additional time off despite having exhausted her FMLA leave. (Wisz Dep. 78:8-16, 217:11-221:14). With respect to her request for a new chair and an ergonomic work station, Wisz testified that after presenting a note from her doctor establishing the need for the ergonomic accommodation, Wells Fargo scheduled an ergonomic review of her workplace. (Wisz Dep. 71:11-75-4). Wisz, however, began a prolonged absence prior to the ergonomic review being completed and lasting through the termination of her employment. (Wisz Dep. 75:5-10). Thus, Wisz has failed to identify a requested accommodation that was not provided or in the process of being provided at the time of her termination. Accordingly, Wisz cannot establish the fourth prong of her prima facie case.

Even assuming _arguendo_ Wisz could establish a prima facie case for failure to accommodate, the point becomes moot because Wells Fargo articulated a legitimate, nondiscriminatory reason for her termination and Wisz cannot sufficiently demonstrate pretext for the same reasons she could not make that showing with respect

to her discrimination claim.  Accordingly, Wells Fargo is entitled to summary judgment in its favor as to Wisz's failure to accommodate claim.

**4. Retaliation under the ADA and Rehabilitation Act**

Wisz has failed to establish a prima facie case for retaliation.  To do so, she must show that: (1) that she engaged in a protected activity; (2) that an adverse employment action was taken against her; and (3) that there was a causal connection between the first two elements."[3]  Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 656 (4th Cir. 1998).  Wisz has failed to establish that the relevant decision-makers at Wells Fargo were aware that she filed a complaint with the EEOC under the third prong.

To establish the necessary causal connection between her filing a complaint with the EEOC and her termination Wisz must establish that she was terminated because she engaged in that protected activity.  Wells Fargo's knowledge that Wisz filed a complaint with the EEOC is, therefore, "absolutely necessary to establish the third element of the prima facie case."  Id. at 657.

Wisz asserts only that she called the EEOC prior to the termination of her employment. (See Compl. at 2, ECF No. 1). During her deposition testimony, however, she admits she cannot

---

[3] "Because the ADA echoes and expressly refers to Title VII, and because the two statutes have the same purpose-the prohibition of illegal discrimination in employment-courts have routinely used Title VII precedent in ADA cases." Fox v. Gen. Motors Corp., 247 F.3d 169, 176 (4th Cir. 2001).

14

remember whether she told Ms. Bender that she called the EEOC. (Wisz Dep. 65:16 - 66:20). Ms. Bender and Mr. Pellicot, the two individuals who participated in the decision to terminate Wisz's employment, testified that they were not aware of Wisz's call to the EEOC. (See Defs.' Mot. Summ. J. Ex. C ["Bender V.S."], at 4, ECF No. 48-4); (see also Defs.' Mot. Summ. J. Ex. D ["Pellicot V.S."], at 4, ECF No. 48-5). Wisz has failed to produce any evidence to dispute this testimony or establish that any other relevant decision-maker with respect to her termination had knowledge of her call to the EEOC. Thus, Wisz cannot establish the third prong of her prima facie case.

Even assuming arguendo Wisz could establish a prima facie case of retaliation, the point becomes moot because Wells Fargo articulated a legitimate, nondiscriminatory reason for her termination and Wisz cannot sufficiently demonstrate pretext for the same reasons she could not make that showing with respect to her discrimination claim. Accordingly, Wells Fargo is entitled to summary judgment in its favor as to Wisz's retaliation claim.

### 5. Interference under the FMLA

Finally, Wisz argues Wells Fargo interfered with her exercise of FMLA by inaccurately tracking her available leave time. The Court disagrees.

It is unlawful under the FMLA for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided" by the Act. 29 U.S.C. § 2615(a)(1) (2012). To

sustain a cause of action under the FMLA, an employee must show both that her rights were obstructed and that she suffered prejudice as a result. See Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (discussing what an employee must prove to establish a violation of the FMLA). Here, Wisz does not allege that Wells Fargo's inaccurate tracking of her FMLA leave time render her unable to exercise her FMLA leave. (Wisz Dep. 85:12-17, 220:5-221:14). Having exhausted her FMLA leave, having been given additional leave beyond that required under FMLA, and acknowledging no discipline occurred related to her leave beyond that required under FMLA, Wisz cannot demonstrate that she was prejudiced by Wells Fargo's failure to accurately track her available leave time and, thus, cannot establish an FMLA interference claim premised on the same.

Wisz also alleges Wells Fargo violated the FMLA because she was not paid during her leave. (Compl. at 2). The FMLA, however, does not require that employees be paid while they are on leave. 29 C.F.R. § 825.100 ("The [FMLA] allows eligible employees of a covered employer to take job-protected, unpaid leave. . . ."); see also 29 C.F.R. § 825.207(a) ("Generally, FMLA leave is unpaid leave."). Accordingly, Wells Fargo is entitled to summary judgment in its favor as to Wisz's claim for interference with leave under FMLA.

## III. CONCLUSION

For the reasons given above, Wells Fargo's Motion for Summary Judgment, (ECF No. 48), is GRANTED, and Wisz's Motion for Summary Judgment, (ECF No. 52), is DENIED.  A separate Order will follow.

Entered this 2nd day of July, 2014

/s/
_____
George L. Russell, III
United States District Judge